IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

PHILLIP LANE,                    )    CASE NO.1:18-CV-02782
                                 )
                                 )
          Plaintiff,             )
                                 )    MAGISTRATE JUDGE
     v.                          )    WILLIAM H. BAUGHMAN, JR.
                                 )
COMMISSIONER OF SOCIAL           )    MEMORANDUM OPINION AND
SECURITY,                        )    ORDER
                                 )
                                 )
          Defendant.             )

I.

Before me[1] is an action by Phillip Lane under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of a 2018 decision by the Commissioner of Social Security that denied Lane's application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my

---

[1] The parties have consented to my exercise of jurisdiction. ECF No. 19.
[2] ECF No. 1.
[3] ECF No. 8.
[4] ECF No. 9.

procedural orders[5] the parties have briefed their positions, together with supplemental charts.[6] The parties have participated in a telephonic oral argument.[7]

For the reasons stated below, the decision of the Commissioner will be reversed and the matter remanded.

## II.

The relevant facts are simply stated.

Lane, who was born in 1971, filed for disability insurance benefits in December 2014 after he fell down a flight of stairs.[8] Initially, he reported numbness in his right arm and fingers, but a 2014 physical examination was unremarkable and an x-ray in early 2015 was normal.[9] But in 2015, after assisting with a furniture delivery, Lane showed restricted motion in his right shoulder and underwent shoulder surgery in May 2015.[10] MRIs of the lumbar spine done in February[11] and March[12] 2016 showed narrowing, an annular tear, degenerative spondylosis and mild canal stenosis at L4-5.[13] In 2017, Lane strained his back and experienced another fall.[14]

---

[5] ECF Nos. 5, 10.
[6] ECF Nos. 12 (Lane), 16 (Commissioner).
[7] ECF No. 20.
[8] Tr. at 20.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 472-73.
[12] *Id.* at 399.
[13] *Id.* at 20.
[14] *Id.* at 22.

In 2016, functional opinions were given by two state agency reviewing physicians – Dr. Michael Lehv, M.D.[15] and Dr. Leon Hughes, M.D.[16] The opinions essentially stated that Lane had the capacity to perform light work with some restrictions.[17] The ALJ gave these opinions great weight[18] and substantially incorporated them into the RFC.[19]

By contrast, two statements (August 24, 2016 and March 3, 2017) from Dr. Gwen Haas, M.D., a treating source, were given no weight.[20] A third, more detailed statement from Dr. Haas on September 13, 2017 was given "scant weight." [21] The ALJ noted that her difficulties with Dr. Haas's final opinion centered on the lack of support from diagnostic evidence and treatment notes, which had been discussed earlier in the opinion.[22]

Lane now states that the ALJ's weight given to this final opinion is the basis for this review.[23] In that opinion, Dr. Haas stated that "for relief of lower back pain and hip pain" Lane would need to shift positions or lie down several times each day for 15-30 minutes at a time.[24] To support that finding, Dr. Haas cited that Lane had been having "chronic lower back pain since December 2014" and that his complaints "are credible and consistent."[25] Dr. Haas also notes that the functional limitations are supported by the MRI of February

---

[15] *Id.* at 79-89.
[16] *Id.* at 91-101.
[17] *Id.* at 22-23.
[18] *Id.* at 23.
[19] *Id.* at 19.
[20] *Id.* at 23-24.
[21] *Id.* at 24.
[22] *Id.*
[23] ECF. No. 12 at 5.
[24] Tr. at 526.
[25] *Id.* at 527.

2016 and the x-ray of January 2015.[26] She also states that they are supported by "clinical evaluation on multiple office visits."[27]

The Commissioner responds that the ALJ provided six reasons in the opinion as to why Dr. Haas's final functional opinion should receive scant weight:

1.  Lane reported improvement in his shoulder following the 2015 surgery.

2.  The January 2015 and February 2016 MRIs of Lane's back were unremarkable and the March 2016 MRI showed mild abnormalities of the lower back that were treated with ibuprofen.

3.  A September 2016 MRI of Lane's knee showed no abnormalities.

4.  Numerous 2016 and 2017 physical examinations showed no spinal tenderness, no gait issues, no muscle weakness, and unremarkable musculoskeletal findings.

5.  2017 examinations showed no issues with walking, balance or activities of daily living, and no requirement for a cane or ambulation assistance.

6.  Nothing in any clinical note to support Lane needing to lay down multiple times.[28]

---

[26] *Id.*
[27] Id.
[28] ECF No. 16 at 3 (citing record).

III.

The single issue of whether the ALJ erred by giving less than controlling weight to the final functional opinion of Dr. Haas is analyzed under the familiar substantial evidence test and the well-known treating physician rule.

Before undertaking that analysis I make a preliminary observation.

As noted above, Dr. Haas issued statements on August 24, 2016 and March 3, 2017, which were given no weight by the ALJ, and that decision is not contested here. A review of those statements clearly shows why the weight determination is not contested.

The August 24, 2016 opinion is just two sentences at the beginning of clinical notes from a follow-up examination after Lane had started physical therapy.[29] Dr. Haas begins this portion of the note by saying that she "recommend[s] resubmitting SSD paperwork based on long term disability" since the denial was based on a review of clinical notes taken by a covering physician that did not "capture" Lane's "multiple musculoskeletal issues."[30] Dr. Haas then states that "I support his claim for widespread MSK issues making him unable to work. Due to the physical nature of his work he is completely unable to perform the duties of work and should qualify for SSD benefits due to shoulder and knee and back issues."[31]

---

[29] Tr. at 484-86.
[30] *Id*. at 484.
[31] *Id*.

As the ALJ noted in giving this statement no weight, the statement is a mere conclusion given at Lane's request in order to obtain benefits and is in no way a discussion, supported by clinical findings, of what Lane can functionally do in light of his impairments.[32]

Likewise, the March 3, 2017 statement is not an evaluation of Lane's functional abilities supported by objective clinical and diagnostic evidence, but is a letter requested by Lane to submit in connection with his benefit application.[33] Further, as the ALJ observed, the clinical notes from the day this letter was prepared show a pain level of 2/10 with no documentation of any loss of muscle strength or range or motion.[34]

That said, the ALJ gave greater weight to two non-examining sources over a treating source, and in doing so also gave great weight to reviewers who saw no part of the medical record after mid-2016. While courts permit non-examining sources to receive greater weight than an examining source (even a treating source), the rationale for such a conclusion is usually that the reviewing source had the benefit of reviewing the entire record and not simply the results of examinations with a single source. If a non-examining source that has reviewed less than a complete record is to be given greater weight than an examining source, the Sixth Circuit is clear that the ALJ must acknowledge that fact on the

---

[32] *Id*. at 23.

[33] *Id*. See also, *id*. at 503 (chart of March 3, 107 visit states: "Note for court indicating that he [Lane] is unable to work due to medical issues including MSK injuries and is engaged in an LTD social security claim that is unresolved and he has no income due to his inability to work").

[34] *Id*. at 24.

record and discuss it. Essentially, give reasons why; some explanation why even though the complete record was not considered the non-examining source's opinion should get greater weight.

In *Miller v. Commissioner*, [35] the Sixth Circuit emphasized that non-examining state consultants may receive greater weight than a treating or examining source when the non-examining source's opinion is based on a review "of the complete case record."[36] But when, as here, that is not the case, "we require some indication that the ALJ at least considered these facts (about the non-examining source reviewing a less-than-complete record) before giving greater weight to the opinion from the non-examining source."[37] Where an ALJ gives no such indication she has addressed this issue, the ALJ does "not provide a sufficient explanation for assigning significant weight to a non-examining source's opinion."[38]

Accordingly, because the ALJ here did not show in any way that she analyzed the superior weight given to two non-examining source opinions in light of the fact that they did not view almost a year of the medical record, that weight cannot be now said to have the support of substantial evidence.

---

[35] 811 F.3d 825 (6th Cir. 2016).
[36] *Id*. at 834.
[37] *Id*. (internal citation and quotation marks omitted).
[38] *Id*. (citations omitted).

IV.

For the reasons given, the decision of the Commissioner here is reversed and the matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: December 30, 2019                              s/William H. Baughman Jr.
                                                                      United States Magistrate Judge